*7 Opinion of the Court, by
Judge Mills.
A judgment was obtained by the plaintiffs in error, bn which a fieri facias issued, and on its return, a venditioni exponas, which was returned with a delivery bond forfeited. On this bond a fieri jadas issued. The venditioni, bond, and subsequent execution, were all Stashed, on motion of the defendants in error, because e plaintiffs were misnamed in the venditioni. In ,ry other part of the record, as well as the delivery bond, the .plaintiffs are rightly named, the “ President,. Di *8 rectors and Company of the Bank of Kentucky.*5 In the venditioni, they are styled the “ President, Directors and Company of the Centre Bank of Kentucky.” A motion was made and overruled, before the motion to quash was decided, to strike the word “ Centre” out of the venditioni.
Bibb, for plaintiffs; Crittenden, for defendants'.
The insertion of the word is so evidently a clerical mistake, that the amendment ought to have prevailed, and the proceedings have been sustained. Writs and judgments are amendable, where there is any thing to amend by, and here there is enough to point out the correct name, in all other parts of the record.
We do not conceive that there being such a corporation as the Centre Bank, can make any difference. If there was such corporation, it was incumbent on the mover to show that that éorporation had a record which suited the wri.t; and if that was shown,-the writ ought not to have been quashed, but left as an appendage to that record, and this record would have- remained without any writ to have justified the delivery bond, in which case it might have fallen. But as the writ evidently belongs to this record, and no where else, it could and ought to have been corrected by it.
The judgment must be reversed with costs, and a mandate be given to the- court below, to overrule the motion with costs.